Kind Operations Inc. v AUA Private Equity Partners, LLC (2021 NY Slip Op 03529)





Kind Operations Inc. v AUA Private Equity Partners, LLC


2021 NY Slip Op 03529


Decided on June 03, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 03, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Oing, JJ. 


Index No. 653788/19 Appeal No. 13996 Case No. 2020-04190 

[*1]Kind Operations Inc., Plaintiff-Appellant,
v
AUA Private Equity Partners, LLC, et al., Defendants-Respondents.


Goodwin Procter LLP, New York (Adam Slutsky of counsel) and Goodwin Procter LLP, Boston, MA (David J. Zimmer of the bar of the State of California and the Commonwealth of Massachusetts, admitted pro hac vice, of counsel), for appellant.
Vedder Price P.C., New York (Daniel C. Green of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered October 16, 2020, which, to the extent appealed from as limited by the briefs, granted defendants AUA Private Equity Partners, LLC and AOG, LLC's motion to dismiss the tortious interference with contract claim as against them, the breach of the implied covenant of good faith and fair dealing and breach of contract claims as against AOG, and the misappropriation of trade secrets claim, and granted defendants Andy Unane, David Benyaminy, Kyce Chihi, and Jack Lin's motion to dismiss the tortious interference claim as against them, unanimously affirmed, without costs.
The allegations of the complaint do not establish a continuity of ownership following AOG's purchase of defendant Pa Co-Man, Inc.'s assets from third-party secured creditors, and therefore fail to establish that the asset purchase transaction was a de facto merger (see Matter of TBA Global, LLC v Fidus Partners, LLC, 132 AD3d 195, 209-210 [1st Dept 2015]). We note that the other indicia of de facto merger, such as assumption of the predecessor's debts, are not alleged. Accordingly, AOG was not bound by plaintiff's contract with Pa Co-Man, and the complaint fails to state causes of action for breach of the implied covenant of good faith and fair dealing and breach of contract.
The complaint also fails to state a cause of action for tortious interference with contract as against AUA and AOG because the allegations do not establish the element of absence of justification (see Oddo Asset Mgt. v Barclays Bank PLC, 19 NY3d 584, 594 [2012]). Nor is the allegation that PA Co-Man's CEO was "directed" by AUA to conceal the asset purchase from plaintiff sufficient to establish procurement since the CEO was free to reject that "direction." The complaint fails to allege any conduct on the part of the individual defendants that would establish their intentional and improper procurement of a breach of the contract without justification.
The complaint fails to state a cause of action for misappropriation of trade secrets because it does not allege that AOG made use of the confidential information (see Meer Enters. LLC v Kocak, 173 AD3d 629 [1st Dept 2019]). Moreover, on this cause of action plaintiff seeks only injunctive relief, which became moot when plaintiff entered into a manufacturing contract with AOG.
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2021